IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| AARON ADAIL, Register No. 517081, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 06-4287-CV-C-SOW |
| LARRY CRAWFORD, et al., | ) ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Aaron Adail, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In support of plaintiff's claims for damages and declaratory and injunctive relief, plaintiff states he has a learning disability and cannot obtain a GED, even though he has tried for ten years. Plaintiff states he is being denied special needs education because he is more than 21 years of age. Plaintiff alleges that defendants have violated his constitutional rights under the Fourteenth Amendment guaranteeing equal protection, and have violated his rights under the ADA and Rehabilitation Act (RA).

On March 5, 2007, defendants Crawford, Kempker, and Hutschreider filed a motion to dismiss. On July 3, 2007, defendant Warren also filed a motion joining in the motion to dismiss of Crawford, Kempker, and Hutschreider. The motions to dismiss argue that plaintiff's claims against them allege no personal involvement and are based only on their supervisory capacities, and thus, not actionable as a 42 U.S.C. § 1983 case. Defendants further argue that Eleventh Amendment immunity bars plaintiff's claims for money damages.

Despite being granted several opportunities to respond and given generous extensions of time, plaintiff has failed to file a response to the motions to dismiss.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff.  Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

*Section 1983 Claims*

Upon review of plaintiff's signed complaint, this court finds that plaintiff's claims against defendants Larry Crawford, Randee Kaiser, Dwayne Kempker, and Joe Warren alleging violation of his Fourteenth Amendment equal protection rights under section 1983 should be dismissed because plaintiff fails to allege any personal involvement by these individuals in the denial of his disability accommodations.  A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions.  Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990).  Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation.  Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).  In the instant case, the denial of plaintiff's grievance alleging denial of accommodation was based upon the consultation with the Education Supervisor, Ms. Hutschreider, and thus, there is no apparent personal involvement in the denial of the grievance by Dwayne Kempker who signed the Grievance Response, or from the other defendants, Crawford, Kaiser, and Warren, who are supervisors with the Missouri Department of Corrections.  Plaintiff may proceed on his equal protection claim against the Education Supervisor, defendant Hutschreider, however, in light of her apparent involvement and authority over the issue of plaintiff's disability accommodation in obtaining his GED.

*ADA Individual and Official Capacity Claims*

Title II of the ADA, 42 U.S.C. § 12131 et seq., prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of the services, programs, or activities of a public entity.  A qualified individual with a disability is defined as any person who "meets the essential eligibility requirements for the receipt of services or the participation in

programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The term "public entity" is defined as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). Title II authorizes suits by private citizens for money damages against public entities which violate the provisions of section 12131. 42 U.S.C. § 12133. In Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206 (1998), the Supreme Court held that Title II of the ADA applies to state prisons. See also Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir.1999).

Under Title II of the ADA, plaintiff can bring claims against individual defendants in their official capacities because actions in their official capacities qualify under the definition of public entity. A suit against individual prison officials in their official capacities is the same as a suit against the Department of Corrections and the State of Missouri. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Claims against individual defendants in individual capacities, however, do not qualify under the ADA definition of public entity. Alsbrook v. City of Maumelle, 184 F.3d 999, 1011 (8th Cir.1999).

Therefore, plaintiff's individual capacity claims against defendants under Title II of the ADA should be dismissed for failure to state a claim. Plaintiff can proceed, however, on his official capacity claims against defendants under the ADA.

*Eleventh Amendment Immunity Under ADA*

The Eleventh Amendment prohibits money damage claims against the State unless the State has waived such immunity from suit. The Supreme Court has held that insofar as a private cause of action for damages against the State is based upon conduct by the State that actually violates the Fourteenth Amendment, Title II of the ADA validly abrogates state sovereign immunity. United States v. Georgia, 546 U.S. 151, ___, 126 S. Ct. 877, 882 (2006). A determination on Eleventh Amendment immunity is made on a claim-by-claim basis, dependent upon the facts in a particular case. Id.

In the instant case, plaintiff has alleged an independent cause of action against defendants under 42 U.S.C. § 1983, claiming that he has been denied equal protection, in violation of the Fourteenth Amendment, because defendants have denied him special educational services due to his age. Thus, although defendants seek dismissal of plaintiff's damage claims, stating that Eleventh Amendment immunity protects them against these claims, the court is unable to find, at

3

this state in the proceedings, that plaintiff can prove no set of facts which would abrogate defendants' Eleventh Amendment immunity. The issue of immunity is more properly addressed in a motion for summary judgment.

*Rehabilitation Act*

The Rehabilitation Act (RA) provides that no otherwise qualified individual with a disability shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a). Individual capacity claims do not fall within the realm of the Rehabilitation Act. Official capacity claims are only viable under the Rehabilitation Act if the defendants have waived their Eleventh Amendment immunity. The Eighth Circuit has held that states which accept federal funds are required by statute to waive their Eleventh Amendment immunity to section 504 claims. Doe v. Nebraska, 345 F.3d 593, 598 (8th Cir.2003); Jim C. v. United States, 235 F.3d 1079, 1081 (8th Cir. 2000).

Therefore, in the instant case, plaintiff's individual capacity clams under the RA must be dismissed. The court, however, is unable to determine at this stage in the proceedings, the issue of receipt of federal funds and thus, is unable to determine whether there has been a waiver of immunity as to plaintiff's official capacity claims under the RA. Plaintiff's official capacity claims under the RA should proceed.

Plaintiff was granted leave to proceed in forma pauperis, and service of process on defendant Randee Kaiser was made on June 14, 2007. Service of process was made on defendant Mary Henley on July 27, 2007. Defendants did not answer the complaint.

A default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55. Defendants have failed to answer plaintiff's complaint.

IT IS, THEREFORE, ORDERED that within twenty days, defendants Randee Kaiser and Mary Henley show cause why default judgment should not be entered in favor of plaintiff on his claims against them. It is further

RECOMMENDED that defendants' motions to dismiss be granted, in part, and denied, in part. [14, 27] It is further

4

RECOMMENDED that defendants' motion to dismiss be granted as to plaintiff's personal capacity claims against defendants under the ADA and the RA, and these claims be dismissed for failure to state a claim. It is further

RECOMMENDED that defendants' motion to dismiss be granted on plaintiff's section 1983 claims against defendants Larry Crawford, Randee Kaiser, Dwayne Kempker, and Joe Warren and these claims be dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. It is further

RECOMMENDED that defendants' motion to dismiss be denied on plaintiff's official capacity claims against defendants under the ADA and RA. It is further

RECOMMENDED that defendant Hutschreider's motion to dismiss plaintiff's section 1983 claims be denied.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 10th day of October, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge